NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CUICHAO HUANG,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   14-72029<br><br>Agency No. A089-752-474<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Cuichao Huang, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") order denying his motion to reopen. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

motion to reopen. *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Huang's motion to reopen, where the IJ instructed Huang orally and in writing of the deadline for being fingerprinted and of the consequences of failure to meet the deadline, Huang failed to present good cause for his failure to comply, and he did not provide sufficient evidence to support his claim that he made an appointment to have his fingerprints taken but was rejected. *See* 8 C.F.R. §§ 1003.23(b)(3), 1003.47(c) ("Failure to file necessary documentation and comply with the requirements to provide biometrics . . . within the time allowed by the immigration judge's order, constitutes abandonment of the application and the immigration judge may enter an appropriate order dismissing the application unless the applicant demonstrates that such failure was the result of good cause.").

We lack jurisdiction to consider Huang's unexhausted contention regarding the lack of a transcript of immigration court proceedings in the administrative record. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

To the extent Huang asks this court to exercise sua sponte authority to reopen proceedings, that authority rests with the BIA. *See* 8 C.F.R. § 1003.2(a).

We do not reach Huang's remaining contentions regarding eligibility for relief. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (review is limited to the actual grounds relied upon by the BIA); *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**